UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN M GUDYNOWSKI,

     Plaintiff,

v.                                                    Case No.:  2:20-cv-176-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) on March 31, 2021.  (Doc. 29).  Plaintiff states that the Commissioner does not object to the relief requested.  (*Id.* at 4).  The matter was referred to the Undersigned for a Report and Recommendation.  Because the relief requested is not contested or opposed, (*see* Doc. 29 at 4), the Undersigned deems this matter to be ripe.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT** Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 29).

## PROCEDURAL BACKGROUND

On January 15, 2021, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Administrative Law Judge (ALJ) to:

> evaluate the relevant medical evidence of record; perform a comparison between the medical evidence used to support the comparison point decision and the current medical evidence in accordance with 20 C.F.R. § 404.1594(c)(1); re-assess Plaintiff's residual functional capacity; proceed through the sequential evaluation process as needed and appropriate based on the record; take any further action to complete the administrative record and issue a new decision.

(Doc. 27 at 2 (citing Doc. 22 at 1)).  Thereafter, on March 31, 2021, Plaintiff filed the request *sub judice* seeking an award of $8,116.37 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 29 at 1).

The Undersigned evaluates Plaintiff's request for fees under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA:  (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rates, and the resulting fees are all reasonable.  *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).  The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff

directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt.  *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010).

### A.      Plaintiff's Request Is Timely.

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature.  *See* 28 U.S.C. § 2412(d)(1)(B).  A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal.  Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees.  Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on January 15, 2021, (Doc. 28), and Plaintiff filed Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) less than ninety (90) days later on March 31, 2021, (Doc. 29). Therefore, the Undersigned finds that Plaintiff timely filed Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 29).  *See Myers*, 916 F.2d at 672.

### B.      Plaintiff Meets All Other Requirements Under the EAJA.

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA.  (Doc. 29 at 4).  Upon consideration of the record and the representations in Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) and supporting materials (Doc. 29 at 1; Docs. 29-1 through 29-4), the

Undersigned finds that all other requirements under the EAJA for a fee award are met.  *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

### C.   The Hours Expended, the Hourly Rates Requested, and the Resulting Fees Requested Are All Reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  *Jean*, 863 F.2d at 773.  The resulting fee carries a strong presumption that it is a reasonable fee.  *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Thus, determining the appropriate hourly rate is a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases.  *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel states that counsel expended 39.10 hours in this case.  (*See* Doc. 29 at 3).  Further, Plaintiff's counsel requests the hourly rates of $207.50 for 2020 and $208.75 for 2021.  (*Id.*).  After a careful review, the Undersigned finds that

the number of hours expended is reasonable and that the hourly rates requested are reasonable, customary, and appropriate under controlling law.

Plaintiff seeks a total fee award in the amount of $8,116.37, calculated as follows:

> $207.50/hour x 36.60 hours = $7,594.50
> $208.75/hour x 2.50 hours = $521.87
> $521.87 + $7,594.50 = $8,116.37

(*See* Doc. 29-1 at 12-13). The Undersigned adopts and approves these calculations, finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $8,116.37, as requested.

### D.    Payment Should Be Made to Plaintiff's Counsel.

Plaintiff also filed an executed Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement - Federal Court. (Doc. 29-2). This assignment states in relevant part:

> I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney. I also give my attorney a Power of Attorney to sign any EAJA Fee check made out in my name.

(*Id.* at 1). Consistent with this executed assignment, the Undersigned recommends that the Court allow the fees to be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

### CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1.      That Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28

U.S.C. 2312(d) (Doc. 29) be **GRANTED** as set forth below.

2.      That the Court award Plaintiff $8,116.37 in attorney's fees.

3.      That these fees be paid directly to Plaintiff's counsel if the United States

Department of Treasury determines that no federal debt is owed.

4.      That the Court direct the Clerk of Court to enter an amended judgment

accordingly.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 1,

2021.


_____
Mac R. McCoy
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record

Unrepresented Parties